IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

KENDRICK L. WRIGHT,

    Plaintiff,

v.                                                                No. _____

BARDETT, LLC and                                **JURY DEMANDED**
A. S. BARBORO, INC.,

    Defendants.

## COMPLAINT

COMES NOW Plaintiff Kendrick L. Wright ("Wright or Plaintiff") and brings this action against his former employers Defendants BarDett, LLC and A. S. Barboro, Inc. (collectively "Defendants") for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1866, 42 U.S.C. § 1981.

## PARTIES

1. Plaintiff is an African-American male, former resident of Shelby County, Tennessee and former Director of Operations for Defendants.

2. Defendant BarDett, LLC is a Tennessee for-profit corporation doing business at 5020 Tuggle Road, Memphis, Shelby County, Tennessee. Defendant A. S. Barboro, Inc. is a Tennessee for-profit corporation also doing business at the Tuggle Road address. They are in the business of beer distribution.

## JURISDICTION

3. The Court has jurisdiction over Plaintiff's claims brought under 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981 pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff timely filed a charge with the Equal Employment Opportunity Commission. Plaintiff has received a Notice of Right to Sue and is filing this Complaint within the prescribed statutory period. (Exhibit A attached.)

## STATEMENT OF FACTS

4. On April 12, 2012, Wright was hired by Defendants as the Director of Operations. In this role, he supervised both the delivery and warehouse departments. He eventually reported to the General Manager, Chris Monroe. Hall Crawford, upon information and belief, is an owner of Defendant, BarDett, LLC.

5. Plaintiff served as the Director of Operations until November 5, 2014 when his employment was terminated.

6. Throughout his employment with Defendants, Plaintiff consistently met or exceeded Defendants' expectations. Plaintiff never received any written counseling regarding an alleged failure on his part to perform up to Defendants' standards. While Defendants did not conduct annual reviews, in his second year (2013) Plaintiff received a promotion which included an increase in pay and managerial duties.

7. On or about June/July 2014, Wright complained to Chris Monroe that African-American employees had made application and/or inquired about promotions within the company, yet none of them had been afforded the opportunity to advance or in many instances to even apply for open jobs. While Defendants, through Chris Monroe and others, had various excuses why African-American workers were not receiving promotions or even being allowed to

seek advancement, Plaintiff believes that the real reason for Defendants' action is race discrimination. Following his complaints to upper management about racial discrimination, Plaintiff's relationship with his manager took a turn for the worse. Upon information and belief, the actions of Chris Monroe in this regard were in retaliation for Plaintiff's complaints to management about what he saw as racially discriminatory practices of Defendants.

8. Prior to Plaintiff's complaints about racial discrimination, Plaintiff had never received any written reprimands, warnings, or negative comments about his performance.

9. After his complaints about unlawful discrimination, Defendants engaged in a concerted effort to retaliate against Plaintiff.

10. In continued retaliation, Defendants terminated Wright on or about November 5, 2014, purportedly because of a lack of confidence in his managerial skills. The reasons Defendants offered for Wright's termination, however, were untrue and were pretext for the real reasons, which were his race and in retaliation for his complaints of racial discrimination.

11. Prior to his termination, Plaintiff had never been advised that Defendants lacked confidence in his management skills. For that matter, Defendants had never even provided Plaintiff with any written warning or counseling with respect to his alleged shortcomings. Upon information and belief, white employees who had much more significant employment related infractions were treated more favorably than Plaintiff. In particular, the On Premise Sales Manager Chris Morgan, driving a company vehicle reported for work intoxicated and received more favorable treatment (i.e., suspension).

12. After Plaintiff's termination, Defendants split Plaintiff's position in two and filled the positions with Nathan Darby as Delivery Manager and Britt Jernigan as Warehouse Manager, both white males. Upon information and belief, Nathan Darby had less delivery and warehouse

beverage experience than Plaintiff. Britt Jernigan had less delivery and warehouse beverage experience than Plaintiff.

## CAUSES OF ACTION

13. Plaintiff incorporates paragraphs 1 through 12 above as though specifically set forth herein, and alleges that:

14. Defendants' actions constitute unlawful race discrimination in violation of 42 U.S.C. § 1981;

15. Defendants' actions constitute unlawful retaliation in violation of 42 U.S.C. § 1981;

16. Defendants' actions constitute unlawful race discrimination in violation of 42 U.S.C. § 2000e et seq.;

17. Defendants' actions constitute unlawful retaliation in violation of 42 U.S.C. § 2000e et seq.;

18. As a direct and proximate result of Defendants' unlawful discriminatory and retaliatory conduct toward Plaintiff, Plaintiff has lost wages and benefits and has sustained other pecuniary loss. Plaintiff, as a result of Defendants' actions, has suffered damage to his professional career and professional reputation, as well as to his personal reputation. Defendants' actions have been demeaning to Plaintiff and have caused him to suffer pain, humiliation, and embarrassment, as well as emotional distress; and

19. Defendants' unlawful actions complained of above were intentional, malicious, and taken in reckless disregard to the statutory rights of Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the following relief be granted following a jury verdict in his favor:

1. Back pay, lost benefits, and other pecuniary losses proximately caused by Defendants' unlawful conduct;

2. Front pay and the value of future lost benefits since reinstatement is not feasible;

3. Compensatory damages against Defendants in an amount to be determined by the jury;

4. Punitive damages against Defendants in an amount to be determined by the jury;

5. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorneys' fees allowed under actions brought pursuant to 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981; and,

6. Such further relief as is deemed just and proper.

Respectfully submitted,

**GLANKLER BROWN, PLLC**

By:  /s/ Robert B. C. Hale
     Robert B. C. Hale (TN 13261)

6000 Poplar Avenue, Suite 400
Memphis, Tennessee  38119
(901) 525-1322 Telephone
(901) 525-2389 Facsimile
Email: rhale@glankler.com

*Attorney for Plaintiff*